**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

KELLY A. BRINDLEY,

      Plaintiff,

v.

OPTIMAL DEBT SOLUTIONS,

      Defendant.

Case No. 9:26-cv-80282

## COMPLAINT

**NOW COMES** KELLY A. BRINDLEY ("Plaintiff"), by and through her undersigned counsel, complaining of OPTIMAL DEBT SOLUTIONS ("Defendant"), as follows:

## NATURE OF ACTION

1.      Plaintiff brings this action seeking redress for Defendant's violations of the Credit Repair Organization Act ("CROA") pursuant to 15 U.S.C. § 1679 *et seq.*, the Arizona Credit Repair Organization Act ("ACROA") pursuant to A.R.S. 44-1701 *et seq.*, the Arizona Consumer Fraud Act ("ACFA") pursuant to § 44-1522 *et seq.*, as well as for claims of Breach of Contract, and Breach of Fiduciary Duty, stemming from Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2.      Subject matter jurisdiction is conferred upon this Court pursuant to 15 U.S.C. § 1679.

3.      This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(1).

1

**PARTIES**

5.      Plaintiff is a natural person and consumer, over 18 years-of-age, residing in Phoenix, Arizona.

6.      Defendant is a credit repair organization and debt management services provider claiming to help consumers achieve financial stability through their offerings designed to assist consumers with becoming debt free and enjoying improved credit. Defendant maintains its principal place of business located at 1665 Palm Beach Blvd Suite 222, West Palm Beach, Florida 33401.

**FACTUAL ALLEGATIONS**

7.      In July 2024, Plaintiff was facing financial difficulties and had a number of debts prompting her to begin looking for companies who may be able to assist her in maintaining her creditworthiness and resolving her financial obligations.

8.      Subsequently thereafter, Plaintiff discovered Defendant through its representation that it could help consumers resolve their financial obligations by negotiating with creditors to reduce their outstanding debts and improving their credit.

9.      Plaintiff spoke with Defendant and Defendant's agent represented to Plaintiff that it would be able to: (1) resolve Plaintiff's financial obligations for a significant discount by negotiating with Plaintiff's creditors; and (2) improve Plaintiff's credit scores.

10.     Defendant further represented to Plaintiff that all she would need to do is make monthly payments over a certain period of time and that Defendant would utilize the payments to expeditiously resolve Plaintiff's enrolled debts.

2

11. On or around August 1, 2024, having relied on Defendant's representations, Plaintiff formally enrolled various debts into Defendant's debt settlement programs by entering into a contract with Defendant.

12. Specifically, Plaintiff enrolled a total debt amount of approximately $ 6,432.00.

13. Pursuant to the contract, Plaintiff was obligated to make monthly payments of approximately $ 183.00.

14. Plaintiff proceeded to make her monthly payments to Defendant in a timely manner.

15. During the enrollment period, Plaintiff was repeatedly informed that Defendant was actively communicating with her enrolled creditors to settle outstanding debts.

16. Despite Defendant's assurances, Defendant failed to resolve Plaintiff's debts as expeditiously as Defendant represented it would.

17. Despite Defendant's representations, Plaintiff's credit score did not improve.

18. Plaintiff signed up for Defendant's debt settlement and credit improvement services based on its representations that it would negotiate and settle her outstanding debts and remove settled accounts from her consumer credit reports.

19. Throughout its dealings with Plaintiff, Defendant deceptively and misleadingly strung Plaintiff along, telling her what she wanted to hear in order for her to keep making payments, only to turn around and fail to deliver on the promises and representations that induced Plaintiff's continued participation in Defendant's debt settlement program.

20. Furthermore, Defendant repeatedly informed Plaintiff that it was working on negotiating settlements with her creditors on her behalf.

21. However, Defendant chronically failed to engage the vast majority of Plaintiff's creditors in settlement discussions, which resulted in Plaintiff's creditors hounding Plaintiff for payments.

22. Despite having sufficient funds to settle Plaintiff's accounts, Defendant failed to meaningfully (1) engage Plaintiff's creditors in settlement discussion; (2) resolve Plaintiff's debts, or (3) improve Plaintiff's credit score.

23. As a result of Defendant's inaction, Plaintiff's creditors continued to hound Plaintiff through harassing collection calls and other collection activity.

24. Due to Defendant's inactivity in working on Plaintiff's debt settlement program as promised, Plaintiff was sued by one of her Creditors, specifically Barclays.

25. Defendant failed to provide any meaningful assistance regarding the lawsuit.

26. Plaintiff suffered significant damages as result of Defendant's misrepresentations and omissions, including: financial losses, emotional distress, aggravation, mental anguish, decreased credit score.

27. Simply put, Plaintiff found herself in a much worse financial position after enrolling in Defendant's "debt settlement" program.

### COUNT I – VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT

28. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

29. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679a(1) of the CROA because she is an individual that sought and obtained credit repair services.

30. Defendant is a "credit repair organization" as defined by §1679a(3) of the CROA, as it is a person who uses any instrumentality of interstate commerce or the mails to sell, provide,

4

or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of improving a consumer's credit, credit history, or credit rating, or providing assistance to any consumer with regard to any activity or service for the purpose of improving a consumer's credit.

**a.      Violations of CROA § 1679b(a)(3) and (a)(4)**

31.      The CROA, pursuant to 15 U.S.C. § 1679b(a)(3) prohibits any person from "mak[ing] or us[ing] any untrue or misleading representation of the services of the credit repair organization." Additionally, pursuant to 15 U.S.C. § 1679b(a)(4), any person is prohibited from "engag[ing], directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization."

32.      Defendant violated of §§ 1679b(a)(3) and (4) by, *inter alia*, falsely representing to Plaintiff that Defendant's program could improve her credit when it had actual knowledge that its program would destroy Plaintiff's credit.

**b.      Violations of CROA § 1679b(b)**

33.      The CROA, pursuant to 15 U.S.C. § 1679b(b), provides that "[n]o credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed."

34.      Defendant violated § 1679b(b) by charging and receiving of money for services it agreed to perform before such services were **fully** performed.

**c.      Violations of CROA § 1679c**

35.     The CROA, pursuant to 15 U.S.C. § 1679c, outlines the disclosures that must be provided to consumers as well as when and how such disclosures must be provided.

36.     Defendant violated the above provision of the CROA through its failure to provide the written disclosures required by the CROA in the manner required.

**d.      Violations of CROA § 1679d**

37.     The CROA, pursuant to 15 U.S.C. § 1679d, outlines various requirements for the contracts between credit repair organizations and consumers, including "a conspicuous statement in bold face type, in immediate proximity to the space reserved for the consumer's signature on the contract, which reads as follows: 'You may cancel this contract without penalty or obligation at any time before midnight of the 3rd business day after the date on which you signed the contract. See the attached notice of cancellation form for an explanation of this right.'" 15 U.S.C. § 1679d(b)(4).

38.     Defendant violated § 1692d(b)(4) of the CROA through its failure to contain the required disclosure in bold face type in immediate proximity for the place reserved for Plaintiff's signature on the contract.

39.     As alleged above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a.      A judgment in Plaintiff's favor for Defendant's violations of the aforementioned sections of CROA;

b.      An award of actual damages pursuant to 15 U.S.C. § 1679g(a)(1);

c.      An award of punitive damages pursuant to 15 U.S.C. § 1679g(a)(2)(A);

d.      An award of Plaintiff's attorney's fees and costs pursuant to 15 U.S.C. § 1679g(a)(3); and

6

e.       Any further relief the Honorable Court finds to be just and appropriate.

### COUNT II - VIOLATIONS OF THE ARIZONA CREDIT REPAIR ORGANIZATION ACT

40.      Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

41.      Plaintiff is a "Buyer" as defined by A.R.S. 44-1701-1.

42.      Defendant is a "Credit Services Organization" as defined by A.R.S. 44-1701-2.

**a.       Violation of ACROA – A.R.S. 44-1703-4**

43.      The ACROA, pursuant to A.R.S. 44-1703-4, prohibits a credit services organization from "[m]ak[ing[ or us[ing] any untrue or misleading representations in the offer or sale of the services of a credit services organization or engage, directly or indirectly, in an act, practice or course of business which operates or would operate as a fraud or deception on a person in connection with the offer or sale of the services of a credit services organization."

44.       Defendant violated A.R.S. 44-1703-4 by *inter alia*, falsely representing to Plaintiff that Defendant's program could improve her credit when it had actual knowledge that its program would destroy Plaintiff's credit.

45.      As alleged above, Plaintiff was severely harmed by Defendant's actions and inactions.

**WHEREFORE**, Plaintiff respectfully requests that the Honorable Court enter judgment in her favor as follows:

a.       Declaring that the practices complained of herein are unlawful and violate the
aforementioned statutes and regulations;

b.       Awarding Plaintiff actual damages pursuant to A.R.S. 44-1711;

c.       Awarding Plaintiff punitive damages pursuant to A.R.S. 44-1711;

7

d.      Awarding Plaintiff's costs and reasonable attorney fees, pursuant to A.R.S. 44-1711; and,

e.      Awarding any other relief the Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE ARIZONA CONSUMER FRAUD ACT

46.     Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

47.     Defendant's conduct constitutes "unlawful practice" as defined by ARS §44-1522 of the ACFA.

48.     The ACFA states:

> The act, use or employment by any person of any deception, deceptive or unfair act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely on such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice. Ariz. Rev. Stat. Ann. § 44-1522.

49.     Defendant violated ARS §44-1522 by *inter alia*, (1) failing to pay Plaintiff's creditors with the funds that Plaintiff paid into the debt settlement program; (2) failing to provide debt settlement services to the best of its ability in an effort effectuate reasonable settlements; (3) failing to promptly communicate with Plaintiff's creditors in an effort resolve Plaintiff's debts; (4) pocketing unearned fees and fees not authorized by the contract and/or statute; (5) putting its financial interests ahead of Plaintiff's interests; (6) falsely representing to Plaintiff that Defendant's program could improve her credit; and (7) withdrawing settlement fees from Plaintiff's designated savings account without Plaintiff's authorization.

50.     As alleged above, Plaintiff was severely harmed by Defendant's actions and inaction.

**WHEREFORE**, Plaintiff respectfully requests that the Honorable Court enter judgment in her favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.  Awarding Plaintiff actual and punitive damages, in an amount to be determined at evidentiary hearing, for the underlying violations;

c.  Awarding Plaintiff costs and reasonable attorney fees; and

d.  Awarding any other relief as the Honorable Court deems just and appropriate.

**COUNT IV – BREACH OF CONTRACT**

48.  Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

49.  The contract for debt settlement services between Plaintiff and Defendant is a valid and enforceable contract.

50.  The elements of breach of contract are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation.

51.  Defendant breached its contract with Plaintiff by, *inter alia*, (1) failing to pay Plaintiff's creditors with the funds that Plaintiff paid into the debt settlement program; (2) failing to provide debt settlement services to the best of its ability in an effort effectuate reasonable settlements; (3) failing to promptly communicate with Plaintiff's creditors in an effort resolve Plaintiff's debts; (4) pocketing unearned fees and fees not authorized by the contract and/or statute; (5) putting its financial interests ahead of Plaintiff's interests; and (6) withdrawing settlement fees from Plaintiff's designated savings account without Plaintiff's authorization.

52.     As set forth above, Plaintiff suffered damages as a result of Defendant's breach of contract.

**WHEREFORE**, Plaintiff respectfully requests that the Honorable Court enter judgment in her favor as follows:

a.     Declaring that Defendant breached the underlying contract;

b.     Awarding Plaintiff actual damages;

c.     Awarding Plaintiff punitive damages; and,

d.     Awarding any other relief as the Honorable Court deems just and appropriate.

### COUNT V – BREACH OF FIDUCIARY DUTY

53.     Plaintiff restates and realleges all previous paragraphs as though fully set forth herein.

54.     Defendant owed Plaintiff a fiduciary duty arising out of the nature of their relationship.

55.     Defendant owed Plaintiff a fiduciary duty because Plaintiff reposed a special confidence in Defendant and Defendant was bound to act in good faith and with due regard of Plaintiff.

56.     Specifically, Plaintiff entrusted Defendant with her money and to use her money in a responsible manner to settle her debts.

57.     Defendant breached its fiduciary duty to Plaintiff by, *inter alia*, (1) failing to pay Plaintiff's creditors with the funds that Plaintiff paid into the debt settlement program; (2) failing to provide debt settlement services to the best of its ability in an effort effectuate reasonable settlements; (3) failing to communicate with Plaintiff's creditors in an effort resolve Plaintiff's debts; (4) pocketing unearned fees and fees not authorized by the contract and/or statute; (5)

10

putting its financial interests ahead of the interests of Plaintiff; and (6) withdrawing settlement fees from Plaintiff's designated savings account without Plaintiff's authorization.

58.     As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a.     A judgment in Plaintiff's favor for breach of fiduciary duty;

b.     Awarding Plaintiff actual damages;

c.     Award Plaintiff punitive damages;

d.     Award Plaintiff reasonable attorney's fees and costs;

e.     Awarding any other relief as the Honorable Court deems just and appropriate

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: March 16, 2026                                   Respectfully submitted,

*s/ Alexander J. Taylor*
Alexander J. Taylor, Esq.
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone: (630) 575-8181 x 134
ataylor@atlaslawcenter.com
*Counsel for Plaintiff*